**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
YINGCAI HONG,
*on his own behalf and on behalf of others similarly situated,*

                      Plaintiff,        **Case No. 20-cv-02633**

           v.                  **[JOINT~~LY PROPOSED~~]**
                                    **PRETRIAL ORDER**

LIN'S GARDEN RESTAURANT INC
      d/b/a Lin's Asian Cuisine,
NEW DYNASTY CHINESE RESTAURANT LLC
      d/b/a Dynasty,
HUAYONG LIN,
LIANRONG HUANG, and
XIANGHAI LIN
      a/k/a Xiang Hai Lin
      f/k/a Ru Hai Lin,
                      Defendants.
------------------------------------------------------------------x

The Honorable Vernon S. Broderick, U.S. District Judge:

      The parties, having conferred pursuant to Fed. R. Civ. P. 16 and Hon. Vernon S. Broderick's Individual Rules of Practice, the following matters have been agreed to by counsel, and are hereby ordered[1]:

### I.    FULL CAPTION OF THE ACTION

      See above.

### II.    TRIAL COUNSEL

      **a.**    **Plaintiff's**

      Aaron B. Schweitzer, Esq.
      TROY LAW, PLLC
      41-25 Kissena Boulevard
      Suite 103
      Flushing, NY 11355
      Tel. 718-762-1324
      Fax. 718-762-1342

---

[1] This document incorporate submission from Plaintiff and Defendants. Each party was responsible for their own section.

      **b.**      **Defendants'**

Alice C. Zhang, Esq.
ZHANG & SUN, P.C.
136-20 38th Avenue
Suite 3C
Flushing, NY 11354
Tel. 718-888-1553
Fax. 631-862-5092

## III.    SUBJECT MATTER JURISDICTION

      **a.**      **Joint Statement**

This court has subject-matter jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under the laws of the United States.

This court has supplemental jurisdiction over Plaintiff's claims arising under the New York Labor Law ("NYLL") and New York Hospitality Industry Wage Order ("Wage Order") pursuant to 28 U.S.C. § 1367(a), because these claims are so related to Plaintiff's claims arising under the FLSA respectively that they form part of the same case or controversy under Article III of the United States Constitution.

## IV.    SUMMARY OF CLAIMS AND DEFENSES

      **a.**      **Plaintiff's Claims Remaining to be Tried**

Whether Defendants violated the FLSA by failing to pay Plaintiff minimum wage for any hours worked each week; 29 U.S.C. §§ 206(a)(1)(C), 216(b);

Whether Defendants violated the NYLL and the Wage Order by failing to pay Plaintiff minimum wage for any hours worked each week; N.Y. C.L.S. Labor §§ 652.1, 652.2, 198.1-a; 12 N.Y.C.R.R. § 146-1.2(a)(1)(i);

Whether Defendants violated the FLSA by failing to pay Plaintiff overtime for hours worked in excess of forty (40) each week; 29 U.S.C. §§ 207(a), 216(b);

Whether Defendants violated the Wage Order by failing to pay Plaintiff overtime for hours worked in excess of forty (40) each week; N.Y. C.L.S. Labor § 652.2, 198.1-a; 12 N.Y.C.R.R. § 146-1.4;

Whether Defendants violated the Wage Order by failing to pay Plaintiff one additional hour of pay at the basic minimum hourly rate each day Plaintiff's spread of hours exceeded 10; N.Y. C.L.S. Labor §§ 652.2, 198.1-a; 12 N.Y.C.R.R. § 146-1.6;

Whether Defendants violated the NYLL by failing to provide Plaintiff written notices, in English and in Plaintiff's primary language, at the time of hiring, containing:

Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer; N.Y. C.L.S. Labor §§ 195.1(a), 198.1-b;

Whether Defendants violated the NYLL by failing to provide Plaintiff statements with every payment of wages listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; N.Y. C.L.S. Labor §§ 195.3, 198.1-d; and

Whether Defendants violated the FLSA by failing to reimburse Plaintiff for expenses taken on Defendants' behalf; 29 C.F.R. § 778.217.

  **b. Plaintiff's Claims Not to be Tried**

Whether Defendants violated the NYLL (N.Y. C.L.S. Labor § 162) by not providing adequate meal periods, as there is no private right of action to recover damages under Section 162; how long Plaintiff's meal breaks were; whereas whether Plaintiff was on call to work during his meal breaks remain questions of fact relevant to finding the number of hours Plaintiff worked per day and per week;

Whether Defendants violated the Wage Order (12 N.Y.C.R.R. § 146-2.1) by failing to keep and maintain all records required to be kept by law for a period of not less than 6 years, as the Wage Order does not provide a private right of action to recover damages under Section 146-2.1; whereas whether Defendants kept adequate records remains a relevant question of fact and law implicating the burden-shifting framework of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

  **c. Defendants' Defenses to Plaintiff's Claims Remaining to Be Tried**

1) Defendant NEW DYNASTY and LIANRONG HUANG denied having hired Plaintiff;

2) Defendant NEW DYNASTY denies having revenues of over $500,000.00 and thus the court does not have jurisdiction over this matter.

## V. FACT FINDER & TRIAL LENGTH

  **a. Plaintiffs' Statement**

This matter is to be tried with a jury. Given the time necessary for jury selection and deliberation, the number of witnesses, and that Plaintiff and at least Defendants Huayong Lin, Lianrong Huang, and Xianghai Lin will need an interpreter in order to testify,

Plaintiff anticipates that trial of this matter will last **between three and four (3–4) days**, including jury selection and jury deliberation.

      **b.**    **Defendants' Statement**

Same as Plaintiff's

**VI.**    **CONSENT TO MAGISTRATE JUDGE**

The parties have not all consented to trial of this matter by a magistrate judge.

**VII.**    **STIPULATIONS OF FACT AND LAW**

      **a.**    **Stipulations of Fact**

During the relevant period, Lin's Garden Restaurant Inc. d/b/a Lin's Asian Cuisine was a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 1506 Bronxdale Avenue, Bronx, NY 10462 (Ans. ¶ 8);

During the relevant period, New Dynasty Chinese Restaurant d/b/a Dynasty was a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 1470 East Avenue, Bronx, NY 10462 (Ans. ¶ 11);

Throughout the relevant period, Yingcai Hong was employed by Lin's Garden Restaurant Inc. d/b/a Lin's Asian Cuisine as a deliveryman (Ans. ¶ 7);

Throughout the relevant period, Yingcai Hong regularly had Tuesdays off (Ans. ¶ 40);

Throughout the relevant period, Yingcai Hong was paid in cash (Ans. ¶ 47);

During the relevant period, Huayong Lin and Xianghai Lin were each 50% shareholders of Lin's Garden Restaurant Inc. d/b/a Lin's Asian Cuisine (Lin's Rog. Resps. ¶ 3);

During the relevant period, Huayong Lin was a manager at Lin's Asian Cuisine (Lin's Rog. Resps. ¶ 4);

During the relevant period, Huayong Lin had the responsibility of: determining employees' compensation, determining employees' work hours and schedules; determining employees' status as exempt or nonexempt from receiving overtime; calculating employees' time worked; preparing payroll; maintaining payroll records; and paying employees, and submitting employee information to third-party payroll companies for processing at Lin's Asian Cuisine (Lin's Rog. Resps. ¶¶ 7, 9);

During the relevant period, Huayong Li had the authority to hire, fire, and discipline employees of Lin's Garden Restaurant Inc. d/b/a Lin's Asian Cuisine (Lin's Rog. Resps. ¶ 18);

During the relevant period, Xianghai Lin was the owner and president of New Dynasty Chinese Restaurant d/b/a Dynasty (Dynasty Rog. Resps. ¶¶ 1, 3–5);

During the relevant period, Xianghai Lin had the responsibility of: determining employees' compensation, determining employees' work hours and schedules; determining employees' status as exempt or nonexempt from receiving overtime; calculating employees' time worked; preparing payroll; maintaining payroll records; and paying employees, and submitting employee information to third-party payroll companies for processing at Dynasty (Dynasty Rog. Resps. ¶¶ 7, 9);

During the relevant period, Xianghai Lin had the authority to hire, fire, and discipline employees of New Dynasty Chinese Restaurant d/b/a Dynasty (Dynasty Rog. Resps. ¶ 18);

    **b.**     **Stipulations of Law**

Parties do not stipulate on any law.

## VIII. TRIAL WITNESSES

    **a.**     **Plaintiffs'**

Plaintiff Yingcai Hong (in person); Mr. Hong will testify regarding his employment period at Defendants' restaurants, where he performed his work for Defendants; Mr. Hong will testify about his working hours, his pay rate, and his job duties; moreover, Mr. Hong will testify that he did not receive any wage statement when he was paid, and he did not receive any statement informing him of his rate or any credit the employer was going to take against Mr. Hong's wage at the time of his hiring; furthermore, Mr. Hong will testify that he was not reimbursed all costs and expenses associated with maintaining and providing a safe, functioning, insured and legally-operable automobile on behalf of Defendants throughout his employment, including costs for gasoline, vehicle depreciation, insurance, maintenance and repairs, for which constitute de facto deduction from wages.

Individual Defendant Huayong Lin (in person) as adverse witness; Mr. Lin will testify to Plaintiff's employment status, employment period, hours worked, pay rates, and job duties.

Individual Defendant Lianrong Huang (in person) as adverse witness; Ms. Huang will testify to Plaintiff's employment status, employment period, hours worked, pay rates, and job duties.

Individual Defendant Xianghai Lin a/k/a Xiang Hai Lin f/k/a Ru Hai Lin (in person) as adverse witness; Mr. Lin will testify to Plaintiff's employment status, employment period, hours worked, pay rates, and job duties.

    **b.**    **Defendants'**

Individual Defendant Huayong Lin (in person); Mr. Lin will testify to Plaintiff's employment status, employment period, hours worked, pay rates, and job duties.

Individual Defendant Lianrong Huang (in person); Ms. Huang will testify to Plaintiff's employment status, employment period, hours worked, pay rates, and job duties.

Individual Defendant Xianghai Lin (in person); Mr. Lin will testify to Plaintiff's employment status, employment period, hours worked, pay rates, and job duties.

Plaintiff, Yingcai Hong (in person) as adverse witness; Mr. Hong will testify to Plaintiff's employment status, employment period, hours worked, pay rates, and job duties.

## IX.   DEPOSITION TESTIMONY

    **a.**    **Plaintiffs'**

Plaintiff does not anticipate offering deposition testimony in his case in chief except in the event a witness becomes unavailable. Notwithstanding the above, Plaintiff reserves the right to use the transcripts of the depositions of Huayong Lin, Lianrong Huang, and Xianghai Lin a/k/a Xiang Hai Lin f/k/a Ru Hai Lin for impeachment purposes and/or to refresh a witness's recollection.

    **b.**    **Defendants'**

Defendants do not anticipate offering deposition testimony in their case.

## X.   PLAINTIFFS' DAMAGES

Please see attached Plaintiffs' damage calculations.

## XI.   VERDICT

Parties do not consent to less than a unanimous verdict.

## XII.   EXHIBITS

    **a.**    **Plaintiffs'**

    Exhibit 1.    Defendants' verified Answer to Complaint (Dkt. No. 16) (for impeachment purposes and as a party opponent statement)

    Exhibit 2.    Defendants' responses to Plaintiff's interrogatories (for impeachment purposes and as a party opponent statement)

    Exhibit 3. Affidavit of Yingcai Hong in support of Plaintiff's motion for conditional collective certification (Dkt. No. 27-4) (to fresh recollection)

    Exhibit 4. Transcript of May 12, 2021 Deposition of Defendant Huayong Lin (for impeachment purposes and as a party opponent statement)

    Exhibit 5. Transcript of May 12, 2021 Deposition of Defendant Lianrong Huang (for impeachment purposes and as a party opponent statement)

    Exhibit 6. Transcript of May 27, 2021 Deposition of Defendant Xianghai Lin a/k/a Xiang Hai Lin f/k/a Ru Hai Lin (for impeachment purposes and as a party opponent statement)

  **b.** **Defendants'**

    Exhibit A Defendants' Verified Answer to Complaint (Dkt. No. 16)

    Exhibit B Defendants' Responses to Plaintiff's Request for Production of Documents

  **c.** **Joint**

Respectfully submitted,

| Counsel for Plaintiffs | Counsel for Defendants |
|---|---|
| TROY LAW, PLLC | ZHANG & SUN, P.C. |
| Aaron B. Schweitzer | Alice C. Zhang, Esq. |
| 41-25 Kissena Boulevard | 136-20 38th Avenue |
| Suite 103 | Suite 3C |
| Flushing, NY 11355 | Flushing, NY 11354 |
| Tel: 718-762-1324 | Tel: 718-888-1553 |
| Fax: (718) 762-1342 | Fax: (631) 862-5092 |

| | |
|---|---|
| */s/ Aaron B. Schweitzer* | */s/ Alice C. Zhang* |
| Aaron B. Schweitzer, Esq. | Alice C. Zhang, Esq. |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |

Service of a copy of this order shall be made by the Clerk of the Court by forwarding a copy hereof to all parties.

Dated: New York, NY
       September 9, 2022

SO ORDERED

*Vernon Broderick*

Hon. Vernon S. Broderick, U.S.D.J.

| Case | Hong v. Lin's Garden Restaurant Inc., No. 20-cv-02633 (VSB) (GWG), (S.D.N.Y.) |
|---|---|
| Consent Filed | 2020-03-28 |
| FLSA Limitations | 2017-03-28 |
| NYLL Limitations | 2014-03-28 |

@Lin's Asian Cuisine, 1506 Bronxdale Avenue, Bronx, NY 10462 & @Dynasty, 1470 East Avenue, Bronx, NY 10462          20210526asb

| Period | | Day | Drive to Pickup Point Start | Pick Up Employees | Drop Off Employees | Delivery & Side-Work Start | Delivery & Side-Work Finish | Pick Up Employees | Drop Off Employees | Hours Driving Employees | Delivering & Side-Work | Total Hours | Hours Driving Employees / Total Hours | Spread of Time > 10 Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019-04-26 | 2020-01-31 | Mon | 10.00 | 10.46 | 11.29 | 11.29 | 22.25 | 22.25 | 23.25 | 2.29 | 10.96 | 13.25 | 17% | 1 |
| | | Tue | | | | | | | | | - | - | 0% | - |
| | | Wed | 10.00 | 10.46 | 11.29 | 11.29 | 22.25 | 22.25 | 23.25 | 2.29 | 10.96 | 13.25 | 17% | 1 |
| | | Thu | 10.00 | 10.46 | 11.29 | 11.29 | 22.25 | 22.25 | 23.25 | 2.29 | 10.96 | 13.25 | 17% | 1 |
| | | Fri | 10.00 | 10.46 | 11.29 | 11.29 | 23.25 | 23.25 | 24.25 | 2.29 | 11.96 | 14.25 | 16% | 1 |
| | | Sat | 10.00 | 10.46 | 11.29 | 11.29 | 23.25 | 23.25 | 24.25 | 2.29 | 11.96 | 14.25 | 16% | 1 |
| | | Sun | 11.00 | 11.46 | 12.29 | 12.29 | 22.25 | 22.25 | 23.25 | 2.29 | 9.96 | 12.25 | 19% | 1 |
| | | | | | | | | | | | | 80.50 | | 6 |

| | | | | | | | | | | | | Fair Labor Standards Act ("FLSA") | | | | | | New York Labor Law ("NYLL") | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Period | | Hours / Week | Days / Week Spread of Time > 10 Hours | Monthly Salary | Monday Driving Bonus | Weekly Salary | Hourly Wage | Miles / Day Delivering | Miles / Week Driving Employees | IRS Mileage Rate | Weeks / Period | Minimum Hourly Wage | Minimum Wage Shortfall / Week | Overtime Shortfall / Week | Mileage Shortfall / Week | Total Shortfall / Week | Damages / Period | Liquidated Damages / Period | Minimum Hourly Wage | Minimum Wage Shortfall / Week | Overtime Shortfall / Week | Time Shortfall / Week | Mileage Shortfall / Week | Total Shortfall / Week | Damages / Period | Liquidated Damages / Period |
| 2019-04-26 | 2019-04-30 | 80.50 | 6 | $1,500.00 | $10.00 | $356.15 | $8.90 | 600.00 | 114.00 | $0.580 | 0.71 | $7.25 | $ - | $540.91 | $414.12 | $955.03 | $682.16 | $682.16 | $15.00 | $243.85 | $911.25 | $90.00 | $414.12 | $1,659.22 | $1,185.15 | $1,185.15 |
| 2019-05-01 | 2019-12-30 | 80.50 | 6 | $1,600.00 | $10.00 | $379.23 | $9.48 | 600.00 | 114.00 | $0.580 | 34.86 | $7.25 | $ - | $575.96 | $414.12 | $990.08 | $34,511.25 | $34,511.25 | $15.00 | $220.77 | $911.25 | $90.00 | $414.12 | $1,636.14 | $57,031.14 | $57,031.14 |
| 2019-12-31 | 2020-01-31 | 80.50 | 6 | $1,600.00 | $10.00 | $379.23 | $9.48 | 600.00 | 114.00 | $0.575 | 4.57 | $7.25 | $ - | $575.96 | $410.55 | $986.51 | $4,509.75 | $4,509.75 | $15.00 | $220.77 | $911.25 | $90.00 | $410.55 | $1,632.57 | $7,463.17 | $7,463.17 |
| | | | | | | | | | | | | | | | | | $39,703.15 | $39,703.15 | | | | | | | $65,679.47 | $65,679.47 |

| Period | | Days / Period | Weeks / Period | Years / Period | | Maintenance & Repair Reimbursement | NYLL Wage Notice Penalty | NYLL Wage Statement Penalty | NYLL Prejudgment Interest |
|---|---|---|---|---|---|---|---|---|---|
| 2019-04-26 | 2020-01-31 | 281 | 40.14 | 0.77 | | $5,150.54 | $5,000.00 | $5,000.00 | $2,281.64 |
| 2020-02-01 | 2022-01-11 | 711 | 101.57 | 1.95 | | | | | $11,546.23 |
| | | | | | | | | | $13,827.87 |

| TOTAL (NYLL Dam. / Pd. + NYLL Liq. Dam. / Pd. + Reimbursement + NYLL Wage Not. Penalty + NYLL Wage Stmt. Penalty + NYLL Prejudgment Interest) | $160,337.34 |
|---|---|