UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :

YINGCAI HONG,                      :

                              Plaintiff,    :                      20-CV-2633 (VSB)

                       -against-       :                       **ORDER**

LIN'S GARDEN RESTAURANT, INC., et  :
al.,                                       :

                       Defendants.  :

                                         :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        Currently before me is the parties' Rule 68 filings and proposed judgment filed on

September 13, 2022.  (Docs. 76–77.)  The parties submitted the Rule 68 filings after having

submitted a joint letter requesting that I adjourn the jury trial in this matter initially scheduled for

September 13, 2022.  (Doc. 73.)  In that letter, the parties informed me that they had reached a

settlement in principle.  (*Id.*)  I granted that request and adjourned the jury trial *sine die*.  (Doc.

74.)  On September 13, 2022, I ordered the parties to submit a letter detailing the terms of their

settlement agreement and demonstrating that the settlement constituted a fair and reasonable

compromise of disputed issues under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d

Cir. 2015).  (Doc. 75.)  In an apparent response to my order, the parties filed a notice of

acceptance with offer of judgment and a proposed judgment on September 13, 2022, seeking

dismissal pursuant to Rule 68(a).  (Docs. 76–77.)  Defendants' Offer of Judgment to Plaintiff is

dated September 12, 2022.  (Doc. 76-1.)  The Notice of Plaintiff's Acceptance of the Offer of

Judgment is dated September 13, 2022.  (Doc. 76.)  The Offer of Judgment awards Plaintiff

ninety thousand dollars ($90,000.00) including attorneys' fees, expenses, and costs.  (Doc. 76-1

at 1.)  The fact that the Offer of Judgment was made before I issued the order directing the parties to submit the terms of their settlement agreement raises the specter that the parties are utilizing Rule 68(a) to circumvent the protections afforded by *Cheeks* in recognition that FLSA is a "uniquely protective statute."  *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199, 207 (2d Cir. 2015).

In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit determined that Fair Labor Standards Act ("FLSA") settlements have "unique policy considerations" such that they must "require the approval of the district court or the [Department of Labor] to take effect."  796 F.3d 199, 206 (2d Cir. 2015).  More recently, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims."  *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019).  In light of this unqualified language, I find that *Mei Xing Yu* compels the result here that I must enter judgment in accordance with the parties' Rule 68 offer and acceptance of judgment.

However, I note that the result here appears inconsistent with the Second Circuit's holding in *Cheeks* and that, absent further clarity from the Second Circuit or legislative action, the holding in *Mei Xing Yu* threatens to dramatically curtail the purpose behind the *Cheeks* decision—to protect workers' wages.  The rule announced in *Mei Xing Yu* will allow parties to "use Rule 68(a) as an 'end run' to accomplish what *Cheeks* forbade."  *Mei Xing Yu*, 944 F.3d at 25–26 (Calabresi, J., dissenting).  "As the Second Circuit recognized in *Cheeks*, abuse is clearly evident even in FLSA cases involving offers of judgment under Rule 68."  *De Jesus Torres v. HWF Realty Mgmt., Inc.*, No. 18 CIV. 994 (PAC), 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020).  Under *Mei Xing Yu*, district courts, "faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the

general release being too broad, for example, [are] forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68." *Id.* This newfound ability for parties to submit broad and unreasonable terms and evade *Cheeks* review certainly "conflicts with the spirit of" the Second Circuit's holding in *Cheeks*, which is designed "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Segarra v. United Hood Cleaning Corp.*, No. 15-CV-656 (VSB), 2016 U.S. Dist. LEXIS 189293, at *2 n.1 (S.D.N.Y. Jan. 6, 2016) (internal quotation marks omitted).

Here, the parties include terms and conditions in their offer and acceptance of judgment that I would likely deem unreasonable in a settlement agreement submitted pursuant to *Cheeks*. For example, the offer of judgment contains an overbroad release, with acceptance discharging Defendants of "any and all known or unknown actions, causes of action, claims or liabilities of any kind which have been or could have been asserted against them arising out of or related to. . . the [FLSA] and the [NYLL]." (Doc. 76-1 at 1.) Courts in this district routinely reject release provisions that do not contain any time or date restrictions, and as such, require plaintiffs to waive virtually any wage or hour claim against the defendants, including those entirely unrelated to the facts in the relevant action and that could arise in the future. *See Radosti v. Hudson's Bay Co.*, No. 18-CV-12266, 2022 WL 2063746, at *3 (S.D.N.Y. June 8, 2022) (rejecting settlement agreement because the release provision "is not limited to the claims asserted in this case and does not contain any time or date restrictions."); *Martinez v. Gulluoglu LLC*, No. 15 CIV. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (declining to approve settlement agreement because release provision of proposed agreement "extends beyond the claims at issue in this action").

The offer of judgment also sets forth the judgment amount as $90,000, inclusive of

attorneys' fees, expenses, and costs, but does not indicate how much of that amount will be paid in attorneys' fees or costs, (Doc. 76-1 at 1), making it impossible to ascertain whether the attorneys' fees are reasonable or not.  Thus, this term is incompatible with what I would consider a reasonable FLSA settlement under the *Cheeks* approval process.  *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs"); *see also id.* ("[t]he fee applicant must submit adequate documentation supporting the [request]").

However, I find *Mei Xing Yu* compels me to sign the proposed judgment in contravention to the result I would likely reach under *Cheeks* regarding the terms of the parties' offer and acceptance of judgment.  Therefore, pursuant to the Second Circuit's holding in *Mei Xing Yu*, it is hereby:

ORDERED that judgment shall be entered in accordance with the parties' Rule 68 offer and acceptance of judgment filed in this case.  (Docs. 76–77.)  The judgment will be filed simultaneously with this Order.

SO ORDERED.

Dated:  July 7, 2023
      New York, New York

Vernon S. Broderick
United States District Judge